| | |
|---|---|
| OFFICE OF THE COUNTY COUNSEL<br>Hall of Records, Room 535<br>465 Dr. Martin Luther King, Jr. Blvd.<br>Newark, New Jersey 07102 | C. ELSTON & ASSOCIATES, LLC<br>309 Morris Avenue<br>Suite E<br>Spring Lake, NJ 07762 |

April 28, 2023

<u>Via CM/ECF</u>
Honorable Edward S. Kiel, U.S.M.J.
United States District Court for
 The District of New Jersey
2 Federal Square – Court Room 08
Frank Lautenberg Post Office &
 U.S. Courthouse
Newark, NJ 07102

  Re: Mayweather v. County of Essex, et al.
     Case No. 2:23-cv-00316-CCC-ESK
     *Letter Brief of County Defendants and Defendant Pride in Support of Joint Motion for Stay of Discovery*

Dear Judge Kiel:

Please accept this letter brief in lieu of a formal brief filed on behalf of Defendants, County of Essex (improperly pled as "Essex County Correctional Facility" and "Essex County Sheriff's Department"), Director Alfaro Ortiz, Warden Guy Cirillo, and Associate Warden Antonio Pires (collectively, "County Defendants"), and Defendant Sgt. Herman Pride ("Pride"; Pride and County Defendants, collectively, "Defendants"), in support of Defendants' Joint Motion for Stay of Discovery. Defendants shall also rely upon the accompanying the Certification of Steven A. Varano, Esq. ("Varano Cert."), and the Certification of Cathlene Y. Banker, Esq. ("Banker Cert.").

## I.  BACKGROUND

Plaintiff initiated this civil rights action on December 16, 2022 in the Superior Court of New Jersey, Essex County Law Division, Docket No. ESX-L-7493-22, asserting claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and the New Jersey Tort Claims Act, against the County Defendants, Defendant Pride, individual corrections officers,[1] and multiple fictitious defendants. (*See* ECF No. 1-1).

Plaintiff's claims against Defendant Pride include, *inter alia*, excessive force, failure to intervene, assault and battery, and negligence. (*See* ECF No. 1-1).

As to the County Defendants, Plaintiff's claims include, *inter alia*, federal and state claims for municipal liability. (*See* ECF No. 1-1).

On January 20, 2023, the matter was removed by Defendant County of Essex to this Court. (ECF No. 1).

Plaintiff alleges that on February 28, 2021 while held in a cell of the Essex County Correctional Facility ("Jail"), he was pepper-sprayed and beaten with closed fists and an unknown object by Defendant Pride. (ECF No. 1-1, paras. 32-33).

---

[1] Said individual corrections officers have not yet appeared in this action.

Plaintiff further alleges that while Pride was in the cell, other corrections officers entered the cell and beat Plaintiff with fists and objects. (ECF No. 1-1, paras. 34-35).

Plaintiff further alleges that Pride and the corrections officers prepared and filed false reports regarding the incident. (ECF No. 1-1, para. 38).

On July 23, 2021, Pride was federally indicted for use of unreasonable force against a federal pretrial detainee housed at the Jail. (*See* Banker Cert. – Ex. A).

The allegations of Plaintiff in this action are potentially also the subject of a pending criminal investigation by the United States Attorney's Office. (*See* Varano Cert., para. 2).

A pretrial scheduling order was entered by the Court on March 27, 2023. (ECF No. 22).

Certain of the dates set forth in the pretrial scheduling order have been extended by the Court upon request by Defendants to allow time to prepare and file the instant motion. (ECF Nos. 25, 28, 29).

## II.   ARGUMENT

"'A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances.'" *Doe v. New Jersey Department of Education*, No. 21-3720, 2022 WL 266673, at *2 (D.N.J. Jan. 28, 2022) (quoting *Walsh Securities, Inc. v. Cristo Property*

3

*Management, Ltd.*, 7 *F.Supp.*2d 523, 526 (D.N.J. 1998)). A court's consideration of a request to stay due to a pending criminal matter is subject to the following test: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest." *Id.* (citing *Walsh*, *supra*, 7 *F.Supp.*2d at 527).

As to the first factor, both the civil matter and the criminal indictment involve Defendant Pride's alleged use of unreasonable/excessive force against pretrial detainees and/or inmates at the Jail in his position as a corrections officer in the rank of Sergeant and the incidents occurred within approximately six months of each other. Additionally, the pending criminal investigation potentially concerns the allegations set forth in Plaintiff's complaint. So there is substantial overlap between the issues in the civil matter and the criminal indictment and the civil matter and criminal investigation potentially involve the same underlying incident. As such, the first and most important factor weighs in favor of a stay here. *See Id.* at *3 (citing to *Chao v. Fleming*, 498 *F.Supp.*2d 1034, 1037 (W.D. Mich. July 6, 2007) ("'[S]imultaneous civil and criminal proceedings involving the same or closely

4

related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.'")).

As to the second factor, there is an indictment against Pride in a closely related criminal prosecution and as such implicates his Fifth Amendment rights against self-incrimination. *Id.* at *3. "[T]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned … [due to] the potential for self-incrimination." *Id.* (quoting *Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-cv-0785, 2011 WL 5416058, at *3 (D.N.J. Nov. 4, 2011)) (internal quotation marks and citation omitted).

As to the third factor, Plaintiff's contention of prejudice is unfounded. Plaintiff has previously argued, without citation to authority, that he will be prejudiced by a stay of discovery because the statute of limitations may run on his claims before he is able to identify the applicable individual defendants who are now designated as "fictitious" because of the need for discovery. (*See* ECF Nos. 8, 20). As indicated by the future status conference to be scheduled by way of Defendants' proposed order, it is contemplated that this matter is subject to reinstatement depending upon the status of the criminal proceedings. The administrative termination called for by the proposed order merely removes this case from the Court's active docket and thus the statute of limitations is tolled. *See Board of Trustees of the UAW Group Health & Welfare Plan v. Acosta*, No. 14-6247, 2021

5

WL 1153138, at *3, n. 6 (D.N.J. Mar. 26, 2021) (citing *Penn West Associates, Inc. v. Cohen*, 371 *F*.3d 118 (3d Cir. 2004)) (internal citation omitted). Accordingly, there is no prejudice to Plaintiff that outweighs the factors in favor of a stay.

As to the fourth factor, as previously discussed above, the parallel criminal proceedings implicate Pride's Fifth Amendment privilege against self-incrimination. It would be prejudicial to force Pride to have to choose between his constitutional privilege and his civil discovery obligations. *See Doe*, *supra*, 2022 WL 266673, at *4 (citations omitted). As Pride is likely to assert his Fifth Amendment privilege as to his civil discovery obligations (*see* Varano Cert., para. 3), the County Defendants will also be prejudiced if compelled to proceed with discovery to defend against claims asserted against them without the benefit of Pride's participation in the civil discovery process as well as such discovery might raise issues relevant to the potential criminal investigation into Plaintiff's allegations as to the County Defendants. Thus, the fourth factor weighs in favor of a stay.

As to the interest of the Court, a stay of discovery would reduce the risk of duplication of effort and avoid piecemeal litigation. *See Doe*, *supra*, 2022 WL 266673, at *5. Accordingly, the fifth factor weighs in favor of a stay.

As to the last factor, the public interest is furthered by allowing the underlying criminal matters to proceed unimpeded and unobstructed by Fifth Amendment privilege concerns. *See id.* "Furthermore, 'the public's interest in the integrity of the

criminal case is entitled to precedence [over] the civil litigant.'" *Colombo*, *supra*, 2011 WL 5416058, at *6 (quoting *Javier H. v. Garcia-Botello*, 218 *F.R.D.* 72, 75 (W.D.N.Y. 2003)). The sixth factor weighs in favor of a stay.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Joint Motion for Stay of Discovery.

Respectfully submitted,

| OFFICE OF THE COUNTY COUNSEL | C. ELSTON & ASSOCIATES, LLC |
|---|---|
| *Attorneys for Defendants County of Essex, Director Alfaro Ortiz, Warden Guy Cirillo, and Associate Warden Antonio Pires* | *Attorneys for Defendant Sgt. Herman Pride* |
| By: /s/ *Alan Ruddy*<br>     Alan Ruddy, Esq.<br>     Assistant County Counsel<br>     NJ Attorney ID #002411975 | By: /s/ *Cathlene Y. Banker*<br>     Cathlene Y. Banker, Esq.<br>     NJ Attorney ID #013992004 |
| Telephone: (973) 621-5021<br>Email: aruddy@counsel.essexcountynj.org | Telephone: (732) 280-6911<br>Email: cbanker@elstonlaw.com |

cc:   All Attorneys of Record – via CM/ECF