*The Law Offices of*
***Schwartz & Posnock***
Attorney ID 024001983
99 Corbett Way
Suite 203
Eatontown, New Jersey 07724
(732) 544-1460
Attorneys for Quinn Mayweather

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUINN MAYWEATHER, | : |
| Plaintiff, | : |
| v. | : |
| SGT. HERMAN PRIDE, CORRECTIONS OFFICER HALL (#3201), CORRECTIONS OFFICER HARRISON (#3184), CORRECTIONS OFFICER CHAVECO (#3335), CORRECTIONS OFFICER R. WILLIAMS (#2934), CORRECTIONS OFFICER MAYES (# 3313), CORRECTIONS OFFICER NIGRO (#3212), CORRECTIONS OFFICER EDWARDS (#3354), COUNTY OF ESSEX, ESSEX COUNTY CORRECTIONAL FACILITY, DIRECTOR ALFARO ORTIZ, WARDEN GUY CIRILLO, ASSOCIATE WARDEN ANTONIO PIRES, JOHN DOE CORRECTIONS OFFICERS 1-10 and JOHN DOE CORRECTIONAL FACILITY DIRECTORS, WARDENS AND ADMINISTRATORS, ESSEX COUNTY SHERIFF'S DEPARTMENT, | : Civil Action No. 2:23-cv-316 (CCC-SDA) <br><br> **AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Quinn Mayweather, by way of complaint against the defendants herein, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for compensatory and punitive damages based upon violations of the plaintiff's constitutional and civil rights under the Federal Civil Rights Act (42 U.S.C. § 1983), the New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et. seq.), and for violations of state law as cognizable under the New Jersey Tort Claims Act (N.J.S.A. 59:8-1, et. seq.) occurring on February 28, 2021.

## VENUE

2. Venue in this action is proper because all of the parties reside or are located in Essex County, New Jersey and because all events took place in Essex County, New Jersey.

## NOTICE OF CLAIM

3. Plaintiff timely complied with the notice provisions of the New Jersey Tort Claims Act N.J.S.A. 59:1-1 *et seq*.

## EFFORTS TO OBTAIN UNDERLYING INVESTIGATIVE FILES

4. Plaintiffs have made two requests under the New Jersey Open Public Records Act for disclosure of the underlying investigative files in this matter.

5. As of the date of filing this this complaint, no investigative documents have been disclosed.

6. Defendant County of Essex has advised that the investigation into the incident remains ongoing.

7. Plaintiff's identification of the defendants is based on Use of Force Reports which do not in the case of most individual defendants herein, identify the defendant corrections officers by their full names.

## PARTIES

8. Plaintiff, Quinn Mayweather, is a citizen of the United States, and a resident of Essex County, New Jersey. At all relevant times herein, plaintiff was a pre-trial detainee / inmate in the Essex County Correctional Facility.

9. Due to his status as a detainee / inmate, each of the defendants named herein were responsible for his protection, safety, health, and well-being.

10. Due to his status as a detainee / inmate, the defendants named herein were responsible to provide plaintiff with medical care.

11. Defendant County of Essex is a body politic organized under the laws of the State of New Jersey which conducts its operations from a principal business located in Newark, New Jersey. The County of Essex consists of several departments, including the Essex County Sheriff's Office and the Essex County Correctional Facility.

12. Essex County Correctional Facility, at all times alleged herein, is a department and/or agency of the County of Essex and is located at 354 Doremus Avenue, Newark, New Jersey. At all relevant times herein, the Essex County Correctional Facility is a place of public accommodation within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-51.

13. Essex County Sheriff's Office, at all times alleged herein, is a department and/or agency of the County of Essex, and is located at 50 West Market Street, Newark, New Jersey.

14. At all times relevant hereto, defendant Essex County, Essex County Sheriff's Office and the Essex County Correctional Facility employed corrections officer defendants Hall, Harrison, Chaveco, R. Williams, Mayes, Nigro, Edwards and Sgt. Herman Pride, as well as Essex County Correctional Facility Director Alfaro Ortiz, Warden Guy Girillo, Associate Warden Antonio Pires, John Doe Corrections Officers 1-10 and John Doe 1-10 Correctional Facility Directors, Wardens and Administrators.

15. As such, the County of Essex is responsible for hiring, training, supervising, imposing discipline, and the day-to-day conduct of the individual defendants herein.

16. Defendant Director Alfaro Ortiz at all times alleged herein, was the duly appointed and acting Director of the Essex County Correctional Facility and was acting in such a capacity as the agent servant and/or employee of the County of Essex. Defendant Ortiz is sued in both his official and individual capacities. At all times relevant herein, Ortiz acted under the color of state law.

17. Defendant Warden Guy Cirillo at all times alleged herein, was the duly appointed and acting Warden of the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of the County of Essex. Defendant Cirillo is sued in both his official and individual capacities. At all times relevant herein, Cirillo acted under color of state law.

18. Defendant Associate Warden Antonio Pires at all times alleged herein, was a duly appointed and acting Associate Warden of the Essex County Correctional Facility and was acting in such capacity as the agent, servant and/or employee of the County of Essex. Defendant Pires is such in both his official and individual capacities. At all times relevant herein, Pires acted under color of state law.

19. Defendant Sgt. Herman Pride at all times alleged herein, was a duly appointed sergeant at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Pride is sued in both his official and individual capacities.

20. Defendant Corrections Officer Hall at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was a ting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Hall is sued in both his official and individual capacities.

21. Defendant Corrections Officer Harrison at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Harrison is sued in both his official and individual capacities.

4

22. Defendant Corrections Officer Chaveco at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Chaveco is sued in both his official and individual capacities.

23. Defendant Corrections Officer Williams at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Williams is sued in both his official and individual capacities.

24. Defendant Correction Officer Mayes at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Mays is sued in both his official and individual capacities.

25. Defendant Corrections Officer Nigro at all at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Nigro is sued in both his official and individual capacities.

26. Defendant Corrections Officer Edwards, at all times alleged herein, was a duly appointed corrections officer at the Essex County Correctional Facility and was acting in such a capacity as the agent, servant and/or employee of Essex County and at all times relevant herein, acted under the color of state law. Defendant Edwards is sued in both his official and individual capacities.

27. Fictitious defendants John Does Correction Officer 1-10, whose actual identities are currently unknown to the plaintiff, at all times mentioned herein, were duly appointed corrections officers at the Essex County Correctional Facility and at all times herein were acting in such a capacity as the agents, servants and/or employees of the County of Essex and were acting under the color of state law. Defendants John Does Corrections Officers 1-10 are sued in their official and individual capacities.

28. John Doe Corrections officers 1-10 directly participated in the assault of the plaintiff as alleged herein below. Other John Doe Corrections Officers 1-10 failed to intervene in the unlawful and malicious conduct of the assaulting corrections officer defendants.

29. Fictitious defendants John Does Facility Directors, Wardens and Administrators 1-10, whose actual identities are currently unknown to the Plaintiff, at all times mentioned herein, were duly appointed facility directors and administrators at the Essex County Correctional Facility and at all times herein were acting in such a capacity as the agents, servants and/or employees of the County of Essex and were acting under the color of state law. Defendant John Does Facility Director, Wardens and Administrators 1-10 are sued in their official and individual capacities.

30. Plaintiff has made two records requests the underlying investigative files pertaining to the incident complained of from the Essex County Correctional Facility and the County of Essex, such to allow plaintiff the opportunity to allege additional facts and to identify the true names of the fictitious defendants. Defendant Essex County has denied the plaintiff's requests for the investigative files and has asserted that the underlying investigation is ongoing.

31. Plaintiff will amend this complaint when the identity of the fictitious defendants is disclosed.

## **FACTS COMMON TO ALL COUNTS**

32. During his incarceration in the Essex County Correctional Facility, plaintiff was diagnosed by jail mental health providers as suffering from schizoaffective disorder.

33. Due to this diagnosis, plaintiff was, at all relevant times herein, housed in the mental health unit of the Essex County Correctional Facility.

34. During his incarceration at the Essex County Correctional Facility, plaintiff was administered medication on a daily basis, including on February 28, 2021, to allegedly treat his mental health disorder.

35. As a result of their training and experience, each correction officer defendant herein, including defendants Pride, Hall and Harrison knew that inmates housed in the mental health unit of the Essex County Correctional Facility suffered from mental health disorders and disabilities.

36. In the afternoon of February 28, 2021, the plaintiff was held in a cell in the mental health unit of the Essex County Correctional Facility.

37. In or about that time, defendant Sgt. Herman Pride while outside of plaintiff's cell without reason and without justification, and unlawfully, intentionally, maliciously and sadistically, with the purpose to cause harm, sprayed plaintiff with OC spray, causing plaintiff's eyes and skin on his head and face to burn.

38. Pride then entered the cell, ordered the plaintiff to get on his knees and to turn around, rendering plaintiff vulnerable to attack and assaulted plaintiff by beating him with closed fists. Pride then beat the defendant about the head with an unknown object his metal OC spray cannister causing plaintiff to sustain multiple lacerations in his head. The configuration of the lacerations in the plaintiff's head match configuration of the bottom of Pride's OC spray cannister.

39. While defendant Pride was in the cell other individual corrections officer defendants including, but not limited to Hall, Harrison, and Chaveco, entered the cell and unlawfully, intentionally, maliciously, and sadistically, and with the purpose to cause harm, and assaulted, beat, and unlawfully restrained the plaintiff.

40. At this time, and without further discovery, plaintiff is unable to confirm the identity of the other corrections officer defendants that entered his cell at or during the time of the assault. At this time, and with further discovery, Plaintiff is unable to confirm the role that other corrections officers played in the assault. Each of the correction officer defendants who assaulted the plaintiff did so intentionally, maliciously and sadistically, knowing that plaintiff suffered from a mental health disorder or disease and that he was disabled as a result thereof, for the purpose to cause harm to the plaintiff.

41. As a result of the assault, plaintiff sustained serious and permanent bodily injuries which required that he be transported to the hospital for emergency medical treatment.

42. After the incident concluded, the corrections officer defendants, including Pride, Harrison, Hall, and Chaveco, prepared and filed false and misleading reports intended to cover up and/or obscure the true circumstances of what had occurred during the assault on the plaintiff. Without further discovery, the identity of other

43. The false police reports were intentionally placed in the official case file in this matter, with the purpose of covering up the defendants' unlawful conduct, to chill the plaintiff's right to seek redress for his injuries, and to protect the corrections officer defendants from liability, sanctions, and official discipline.

## CAUSES OF ACTION

### COUNT I

### EXCESSIVE FORCE IN VIOLATIONSO F 42 U.S.C. § 1983 AND THE FOURTH and EIGHTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER THE NEW JERSEY CONSTITUTION AND THE NEW JERSEY CIVIL RIGHTS ACT

44. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45. The actions of the individual corrections officer defendants, including John Does Corrections Officers 1-10, constitute the use of excessive force, and cruel and unusual punishment upon the person of the Plaintiff.

46. As a direct and proximate result of the above referenced unlawful, intentional malicious, and sadistic assault and abuse of plaintiff by the individual corrections officer defendants committed under color of state law, plaintiff sustained harm and was deprived of his right to be secure in his person against the unreasonable seizure of his person in violation of the fourth and fourteenth amendments of the United States Constitution made actionable through 42 U.S.C. § 1983.

47. The acts alleged herein constitute the use of excessive force and unlawful seizure of the person of the Plaintiff in violation of the New Jersey Civil Rights Act (N.J.S.A. 10:6-1); the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1, and (b) his right to be secure as a person against unreasonable seizures secured to him by the New Jersey Constitution, Art. I, P. 7.

48. The acts alleged herein constitute cruel and unusual punishment under the Eighth Amendment of the United States Constitution and under the New Jersey Civil Rights Act (N.J.S.A. 10:6-1); the New Jersey Constitution, including the right to be free from cruel and unusual punishment as secured to him by the New Jersey Constitution.

49. The acts alleged herein constitute a violation of the plaintiff's substantive due process rights to bodily integrity under the New Jersey Civil Rights Act (N.J.S.A. 10:6-1 and the New Jersey Constitution in that the sadistic assault committed by Pride, Hall, Harrison, and other corrections officers shocks the conscious.

50. As a direct and proximate result of the unlawful conduct of defendants as set forth above, Plaintiff suffered expenses and will suffer additional special damages in the future in the amount which cannot yet be determined.

51. By reason of the above Plaintiff was permanently injured, suffered great mental anguish and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Quinn Mayweather demands judgment against each of the defendants for compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT II

## FAILURE TO INTERVENE

52. Plaintiff repeats and realleges all the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. The individual corrections officer defendants that arrived in the plaintiff's cell were able to and did observe that the plaintiff was the subject to an intentional, malicious, and sadistic assault by other corrections officers.

54. The individual corrections officers, including John Does Corrections Officers 1-10, had a duty, and a realistic and reasonable opportunity to intervene to prevent harm to the plaintiff and failed to intervene in the underling constitutional violation alleged hereinabove in paragraphs1-46.

55. As a direct and proximate result of the above referenced unlawful, failure to intervene in the malicious, and sadistic abuse of plaintiff by the individual corrections officer

defendants, plaintiff sustained harm and was deprived of his right to be secure in his person against the unreasonable seizure of his person in violation of the fourth and fourteenth amendments of the United States Constitution, made actionable through 42 U.S.C. § 1983.

56. The failure to intervene constituted an unlawful seizure of the person of the Plaintiff in violation of the New Jersey Civil Rights Act (N.J.S.A. 10:6-1); the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1, and (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution.

57. The failure to intervene in the acts alleged herein constitute cruel and unusual punishment under the Eighth Amendment of the United States Constitution and under the New Jersey Civil Rights Act (N.J.S.A. 10:6-1); the New Jersey Constitution, including the right to be free from cruel and unusual punishment as secured to him by the New Jersey Constitution.

58. As a direct and proximate result of the unlawful conduct of defendants as set forth above, Plaintiff suffered expenses and will suffer additional special damages in the future in ana mount which cannot yet be determined.

59. By reason of the above Plaintiff was permanently injured, suffered great mental anguish and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Quinn Mayweather demands judgment against each of the defendants for compensatory and punitive damages, attorney's fees, interest, and the cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT III

### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AND N.J.S.A. 10p: 6-1 et seq. BASED ON UNCONSTITUTIONAL POLICY, CUSTOM, AND PRACTICE

60. Plaintiff repeats and realleges all the allegations set forth in paragraphs 1 through 59 as if fully set forth herein.

61. Defendants County of Essex, Essex County Correctional Facility, and the Essex County Sheriff's Office, are vested by state law with the authority to make policy (i) for the use of force; (ii) for standards of reporting and documenting corrections officers – detainee/inmate encounters that are accurate, complete, and truthful, (iii) and for thorough and credible investigations of alleged correctional officer misconduct. Defendants Ortiz, Cirillo, Pires, and the John Does Facility Administrators, Wardens and Directors are ultimately responsible for promulgating, training, and enforcing corrections policies, including the policies enumerated herein above.

62. At all times mentioned herein, the individual corrections officer defendants committed the unlawful acts alleged herein above pursuant to the official policy, practice and custom of the County of Essex.

63. Acting under color of law and pursuant to official policy, practice or custom, defendant County of Essex intentionally, knowingly, recklessly and/or with deliberate indifference, failed to train, instruct, supervise, control and discipline on a continuing basis the individual corrections officer defendants in their duties to refrain from (1) the use of excessive force; (2) from using cruel and unusual punishment; (3) and from intentionally, recklessly and/or negligently misrepresenting the facts of assaults on detainees and inmates.

64. Defendant County of Essex, through its supervising officers and/or policy makers, including Ortiz, Cirillo, Pires, and John Does Facility Administrators, Wardens or Directors, were aware of numerous corrections officer encounters with detainees and inmates whereby they (i) customarily and frequently subjected inmates to excessive force; (ii) subjected inmates to cruel and unusual punishment; (iii) customarily and frequently prepared false and misleading reports designed for the purposes of inhibiting the right of access of inmates and detainees to the courts to seek redress, and (iv) customarily and frequently conducted sham internal investigations which wee designed to exonerate or otherwise clear corrections officers of wrongdoing.

65. Despite their awareness, the County of Essex, by and through its supervising officers and/or policy makers, and with deliberate indifference, failed to employ any type of corrective training, oversight, or disciplinary measures against the corrections officer defendants.

66. The County of Essex, by and through its supervising officers and/or policy makers, had power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence.

67. The County of Essex, by and through its supervising officers and/or policy makers, directly or indirectly, and under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and unwanted conduct of the individual correction officer defendants.

68. As a direct and proximate result of the acts of the County of Essex, as set forth herein, plaintiff suffered injury, incurred expenses, and suffered mental anguish in connection with deprivation of his constitutional rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and protected by U.S.C. § 1983 and N.J.S.A. 10: 6-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against the defendants for with compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court may deep proper and just.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIMS
### ASSAULT and BATTERY

69. Plaintiff repeats and realleges all the allegations set forth in paragraphs 1 through 68 as if fully set forth herein.

70. Each of the corrections officer defendants assaulted plaintiff by intentionally placing him in fear of injury and did commit a battery upon the person of plaintiff by an unauthorized touching of his person, by forcefully and intentionally beating him with fists and objects, causing Plaintiff serious physical injuries.

71. As a direct and proximate result of the intentional, willful, malicious, and sadistic conduct of the corrections officer defendants was seriously and permanently injured.

    **WHEREFORE**, Plaintiff Quin Mayweather, demands judgment against defendants for compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such relief as the court deems just and proper.

## COUNT V

### NEGLIGENCE

72. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 71 as if fully set forth herein.

73. Each and all of the defendants herein had a duty to the Plaintiff not to expose him to negligent, careless, and reckless risk of injury and to exercise due care not to cause him injury.

74. Defendants failed to perform that duty by beating plaintiff and causing him to be injured.

75. The acts of Defendants were in violation of the common law of the State of New Jersey.

76. As a direct and proximate result of their negligence, carelessness and recklessness, the defendants breached their duty the Plaintiff, who was caused to suffer significant serious and permanent injury, and pain and suffering and will continue to incur the same in the future.

**WHEREFORE**, Plaintiff demands judgment against each and all defendants for compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such relief as the court deems just and proper.

## COUNT VII

## NEGLIGENT HIRING, TRAINING, SUPERVISION and RETENTION

77. Plaintiff repeats and realleges all the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78. Defendant County of Essex was negligent, careless, and reckless, by failing to properly train and supervise the individual corrections officer defendants. Defendants County of Essex, Ortiz, Cirillo, and Pires, and John Does Facility administrators, Wardens and Directors, knew, had reason to know, and/or were otherwise on actual or constructive notice that the qualifications, training, experience, and job performance of the individual corrections officer defendants to perform their work as corrections officers was sub-standard, and that their training and job performance as corrections officers deviated from the standard of care of training, supervision, and performance applicable to correctional facilities and jails in the State of New Jersey. Defendant County of Essex failed to provide the individual corrections officer defendants with the necessary training, supervision, and over-sight, such that was required of corrections officers to perform their duty to protect detainees and inmates.

79. Defendant County of Essex had a duty to make sure that any individual that they caused, permitted, allowed, or consented to work as an Essex County Correctional Officer / Essex County Sheriff's Deputy was properly trained, supervised, and subject to periodic, and meaningful job performance.

80. Defendant County of Essex breached these duties by causing, allowing, permitting or otherwise consenting to the correctional officer defendant's employment as corrections officers.

81. Defendant County of Essex breach of these duties was the proximate cause and/or the substantial contributing factor in Plaintiff's having sustained the injuries described above.

**WHEREFORE**, Plaintiff demands judgment against each of the defendants for compensatory and punitive damages, attorney's fees, interest, and costs of suit incurred and for any such relief as the court deems just and proper.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82. Plaintiff repeats and realleges all the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

83. The actions of each of the corrections officer defendants in their assault on the Plaintiff use of excessive force, the manhandling of the Plaintiff was intentional, extreme and outrageous.

84. Each of the Defendants intended to perform the acts set forth in this Complaint and specifically intended to cause Plaintiff harm. Additionally, each of the Defendants acted so recklessly, in deliberate disregard of the high degree of probability that their actions would cause Plaintiff emotional distress.

85. Each of the Defendants acted in clear violation of New Jersey common law, the New Jersey Civil Rights Act, and 42 U.S.CV. § 1983.

86. As a direct and proximate cause of each defendants' intentional acts, Plaintiff suffered damages.

87. The damages suffered by plaintiff because of defendants' intentional acts are so outrageous in character, and so extreme in degree, that they go beyond all possible bounds of decency, and are regarded s atrocious, and utterly intolerable in a civilized community.

88. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

## COUNT IX

### (PUNTIVE DAMAGES AS AGAINST THE INDIVIDUAL CORRECTIONS OFFICER DEFENDANTS)

89. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 88 as if fully set forth herein.

90. The actions of the corrections officer defendants, including John Does Corrections Officers 1-10 as alleged herein above were intentional, wanton and were in willful disregard for the rights and personal integrity of the Plaintiff, were undertaken with actual malice, and were outrageous. Accordingly, Plaintiff is entitled to and hereby demands the payment of punitive damages as against the defendants.

**WHEREFORE**, Plaintiff, Quinn Mayweather, demands judgment against defendants for compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court may deem just and proper.

## COUNT X

## VICARIOUS LIABLITY

91. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 90 as if fully set forth herein.

92. Where applicable, Defendant County of Essex, as the employer of the individual defendant named herein, is legally responsible for and liable to the plaintiff for all the unlawful conduct undertaken by the defendant employees, under the doctrine of vicarious liability and/or *respondent superior*, for violations of state common law.

**WHEREFORE**, the Plaintiff demands judgment, jointly and severally, against Defendant County of Essex for compensatory damages, economic damages, together with the cost of suit.

## COUNT XI
## (JOINT AND SEVERAL LIABLITY)

93. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 92 as if fully set forth herein.

94. Each and all of the Defendants are liable to the Plaintiff jointly and severally.

**WHEREFORE**, the Plaintiff demands judgment, jointly and severally, against each and all Defendants named herein for compensatory damages, and economic damages, together with the cost of suit.

## COUNT XII
## (STATUTORY ATRTORNEY FEES AND COSTS UDNER 42 U.S.C. 1988 AND THE NEW JERSEY CIIVL RIGHTS ACT)

95. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 94 as if fully set forth herein.

96. Plaintiff is entitled to and hereby demands the payment of statutory attorney's fees and costs under 42 U.S.C. §1988 and under the New Jersey Civil Rights act as the

18

prevailing party on all such claims and causes of action brought under any and all federal causes of actions and under the New Jersey Civil Rights Act.

**WHEREFORE**, the Plaintiff demands judgment, jointly and severally, against each and all Defendants named herein for compensatory damages, and economic damages, together with the cost of suit.

## COUNT XIII

### (VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-1)

97. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 96 as if fully set forth herein.

98. At all relevant times herein, the corrections officer defendants, including but not limited to Pride, Hall, Harrison, and Chaveco knew that plaintiff was a mentally disabled person, they, with malicious intent to harm him both mentally and physically, beat the plaintiff, who had submitted to Pride's commands to get on his knees and turn away.

99. Based on the foregoing, the defendants acted to discriminate against the plaintiff within the meaning of the New Jersey Law against Discrimination.

**WHEREFORE,** the Plaintiff demands judgment, jointly and severally, against each and all Defendants named herein for compensatory damages, and economic damages, together with the cost of suit.

### DEMAND FOR JURY

Plaintiff demands a jury as to all triable issues.

### RESERVATION OF RIGHTS

Plaintiff reserves his right to amend this Complaint to assert any additional claims or to name any additional parties which further investigation reveals to be appropriate.

## DESIGNATION OF TRIAL COUNSEL

The undersigned is hereby designated as trial counsel of this cause.

## CERTIFICATION PURSAUNT TO R. 4:5-1

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an Amended Certification if there is a change in the facts stated in this original Certification.

SCHWARTZ & POSNOCK<br>
Attorneys for Plaintiff<br><br>
<u>David A. Schwartz</u><br>
DAVID A. SCHWARTZ

Dated:  October 17, 2024